UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


ENRIQUE FACUNDO,                 )        CASE NO. 4:05 CV1333
                                 )
          Petitioner,            )        JUDGE PETER C. ECONOMUS
                                 )
     v.                          )
                                 )        MEMORANDUM OF OPINION
                                 )         AND ORDER
WARDEN T.R. SNIWZEK,             )
                                 )
          Respondent.            )


On May 16, 2005, pro se petitioner Enrique Facundo filed the above-captioned petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Facundo, who is incarcerated at the

Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), filed his petition against the Warden at

F.C.I. Elkton, T.R. Sniezek.[1]  In his petition he alleges, inter alia, that his sentence is unlawful.  For the

reasons stated below, the petition is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

This is the third federal habeas petition Mr. Facundo has filed in this court pursuant to

§ 2241.  See Facundo v.  Immigration & Naturalization Service, No. 1:01cv0040 (N.D. Ohio, filed

_____

[1]Contrary to the spelling of the warden's name set forth in the petition, this is the correct spelling.

Mar. 8, 2001); Facundo v. Morrison, et al., No. 4:03cv0213 (N.D. Ohio, filed Feb. 3, 2003). Although the first petition challenged a detainer lodged by the I.N.S., the second petition is similar to the present petition inasmuch as he asserted that he was being improperly held at F.C.I. Elkton because of an illegal sentence. Both of his prior petitions were dismissed for failing to state a claim.

To the extent the court can discern any intelligible claims in this petition, it appears that Mr. Facundo is now claiming that a Special Parole imposed by the court is unlawful because his second revocation hearing was unlawful. He seeks to terminate this parole, as well as his "regular parole." Petitioner asserts that he has met the "two-pronged test established for ineffective assistance of counsel" and that his Sixth Amendment rights were violated.

*Lack of Habeas Corpus Jurisdiction*
*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause");Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998).

2

Further, the Sixth Circuit has advised that "[i]neffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993); United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992).

There is no allegation in the petition that Mr. Facundo's § 2255 remedies are inadequate or ineffective to test the legality of his detention. The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). The remedy afforded under § 2241 is simply not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 7/25/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

3